IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.                              Case No. 2:17-CR-208
                                JUDGE EDMUND A. SARGUS, JR.

DASHAWN A. STARNES,
    Defendant.

## OPINION AND ORDER

This matter arises on Defendant Dashawn Starnes' Motion for Compassionate Release. (ECF No. 54.) For the reasons stated herein, Defendant's motion is **DENIED**.

### I.

On March 29, 2018, Defendant pled guilty to (1) two counts of bank robbery in violation of 18 U.S.C §§ 2113(a), (d), and § 2 and (2) two counts of possession of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)-(ii) and § 2. (ECF No. 29.) On September 10, 2018, this Court sentenced Defendant to an aggregate total of 204 months of imprisonment and five years of supervised release. (ECF No. 43.)

On January 26, 2022, Defendant moved for compassionate release, citing concerns related to the COVID-19 Delta variant and the impact it may have on his family. (ECF No. 54.) On March 16, 2022, Defendant's CJA-appointed counsel notified this Court that, upon review of Defendant's medical records, and in light of Defendant's thirty-year-old age, he does not believe there is a good-faith basis to file an additional motion for compassionate release at this time. (ECF No. 56.)

## II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the United States Sixth Circuit Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 978 F.3d at 1004. *First*, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). *Second*, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005. Notably,

however, district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, as § 1B1.13 is not an "applicable" policy statement for such motions. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 978 F.3d at 1005. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Defendant has exhausted his administrative rights; thus, the Court has the authority to decide his motion for compassionate release.

Defendant submits that his seventy-year-old mother and stepfather are the primary caretakers of his two adolescent children. (ECF No. 54.) He states that his stepfather is currently in the hospital. (*Id.*) Defendant notes his worry that, were his mother to fall similarly ill, his children would have no one to look after them, as their biological mother is not in their lives. Defendant cites the COVID-19 pandemic and his mother's age to exacerbate this concern. (*Id.*) Defendant also states that, thus far during his term of imprisonment, he has not been written up, and is halfway through completing his G.E.D. Defendant points to these factors to warrant in favor of his early release. (*Id.*)

As mentioned, Defendant's CJA-appointed counsel, Attorney Zachary Swisher, has separately written this Court. (ECF No. 56.) Mr. Swisher notes that, outside of Defendant's general concern for the wellbeing of his mother and children, and upon review of Defendant's medical files, he cannot argue in good faith that there is any other basis to grant Defendant's

3

request for early release. (*Id.*) Mr. Swisher also reports that there is no information which suggests that Defendant's mother has died or is currently incapacitated. (*Id.*)

The United States Sentencing Commission has observed that "[t]he death or incapacitation of the caregiver of [a] defendant's minor child or minor children" may justify the reduction of that defendant's term of imprisonment. U.S.S.G. § 1B1.13. This policy statement, however, is particularly inapplicable here, as there is no current basis to believe that the caregivers of Defendant's children—Defendant's mother and stepfather—have passed away or are both incapacitated.

Defendant's "desire to care for his children (though commendable) is also not an extraordinary and compelling reason meriting his early release." *United States v. Hill*, Case No. 1:20CR0425, 2022 WL 122639, at *2 (N.D. Ohio Jan. 13, 2022). "While unfortunate, 'the care of minor children is a problem faced by many convicted defendants.'" *Id.* Accordingly, "[a]bsent evidence of the death or incapacitation of their caregiver," Defendant has not offered this Court an "extraordinary and compelling" reason to grant him early release. *See id.*

Even if he had done so, Defendant would still need to demonstrate that a sentence reduction would be appropriate pursuant to the seven factors listed in 18 U.S.C. § 3553(a). These include: "the nature and circumstances of the offense as well as the defendant's history and characteristics; the need for the sentence; the types of sentences available; the sentencing range; any pertinent policy statement; the need to avoid sentence disparities among similar defendants; and the need to provide restitution to victims." *Id.* at *3. Here, the nature of Defendant's offense, his sentencing range, the inapplicability of any particular policy statement, and Defendant's limited time served do not warrant in favor of a sentence reduction at this time.[1]

---

[1] Nevertheless, the Court commends Defendant for record of non-discipline and educational advancement.

## IV.

Accordingly, for the foregoing reasons, the Court **DENIES** Defendant's Motion for Compassionate Release.  (ECF No. 54.)

**3/31/2022**                               **s/Edmund A. Sargus, Jr.**
**DATE**                                    **EDMUND A. SARGUS, JR.**
                                            **UNITED STATES DISTRICT JUDGE**